IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM T. DIVANE, JR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 03 C 8862 |
| ) | |
| DALE W. SMITH d/b/a DOVER ) | |
| DISTRIBUTING CO./DOVER ) | |
| TELECOMMUNICATIONS CO., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

Dale Smith ("Smith") and his corporation Dover Telecommunications Co. ("Dover") have just filed their Answer to the First Amended Complaint ("FAC") brought against them by the Electrical Insurance Trustees ("Trustees"), which charges them with violations of ERISA. Unfortunately that response (or too often non-response), violating as it does some fundamental principles of federal pleading, marks a continuation of the obstructionist pattern in which Smith, Dover and their counsel have engaged throughout this litigation -- a pattern most conspicuously exemplified by a $25,000 fine for contempt that had to be imposed on Smith earlier in this case. For the reasons stated in this memorandum order, this Court sua sponte strikes the Answer and grants Smith and Dover leave to file a proper Amended Answer in this Court's chambers (with a copy of course to be delivered contemporaneously to Trustees' counsel) on or before February 25, 2005.

Throughout the Answer it ignores entirely the clear and explicit terms of the limited exception, as set out in the second sentence of Fed.R.Civ.P. ("Rule") 8(b), to a defendant's obligation under the first sentence of Rule 8(b) to answer directly (and not by evasive assertions) every allegation in a plaintiff's complaint. In that respect, the attention of defense counsel is directed to App. ¶ 1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).

To elaborate a bit, it simply will not do for Smith and Dover to disclaim knowledge of the terms of the documents that are referred to in the FAC. Smith and Dover signed on to be bound by the principal of those documents, as they admit in Answer ¶ 7. Moreover, if they do indeed have any question as to its terms (although a photocopy of the relevant provisions is attached as FAC Ex. B) they cannot play ostrich -- discovery is readily available to them. And the same is true as to their ability to obtain a copy of the Insurance Agreement under which Trustees act, as is alleged in FAC ¶¶ 11 through 15. Indeed, this Court would be much surprised under the circumstances if counsel for Trustees were not prepared to provide defense counsel with copies of those documents in response to a simple telephone call, without the need to go through the formality and potential delay involved in a production request under the Rules.

Because the date provided here for the filing of the Amended

2

Answer precedes the next status hearing date previously established by this Court, there is no need to change the latter date. Accordingly that next status hearing remains set for 9:00 a.m. March 14, 2005.

_____
Milton I. Shadur
Senior United States District Judge

Enter:   February 10, 2005